On Rehearing
PER CURIAM.
The basic grounds for the dismissal of defendant-appellant’s appeal are that the fees required by law and the rules of court, as a prerequisite to the filing of an appeal, were not paid. Their payment was not made within the delays prescribed by law nor for a period of 17 days thereafter, notwithstanding the necessity of paying these fees was called to the attention of appellant’s counsel by a' deputy clerk of the trial court on the occasion of the filing of the appeal bond 23 days prior to the return day of the appeal. These facts were definitely established by the certificates of the clerk of the trial court.
Nevertheless, defendant-appellant, for the first time, in a motion for rehearing, complains of the alleged noncompliance with certain purported procedural aspects appertaining to the filings and actions upon motions to dismiss appeals.
Rule VII, Section 1, of the Uniform Rules, Courts of Appeal, State of Louisiana, provides:
“Motions to dismiss appeals shall be submitted to the court by the clerk without oral argument on the fifth judicial day following that on which said motions are filed, provided that the court may, at its discretion, fix any such motion for oral argument.”
We find no basis for appellant’s complaints.
First, applicant’s counsel was not refused permission to present oral argument in opposition to the motions to dismiss the appeal. He never requested nor expressed any desire for oral argument.
Second, no objection was made to the filing of the amended motion to dismiss; nor did appellant make any response thereto or advance any reason for it not to have been filed or given consideration.
Third, there is no basis, in truth or fact, for the assertion appellant was not permitted to respond to the amended motion to dismiss. The court deferred action upon the motions until the delay had expired, after the filing and service of the amended mo *274 tion, awaiting appellant’s response, which never arrived.
Fourth, no ex parte evidence beyond the clerk’s certificates and appellant’s response was received or considered. No objection was made to the form of the clerk’s second certificate. Had it been in improper form, objection thereto should have been made in a formal response to the amended motion. It is inconceivable that the clerk’s certificate would become inadmissible because the truth of the facts certified was also sworn to be correct.
In addition to the contentions alluded to above, appellant contends that a statement of the trial court, showing the mailing costs of the transcript of the appeal to this court, contradicts the certificates of the clerk with reference to the nonpayment of the filing fees of the appeal. The statement recites the amount of postage required and nothing more. Nothing is contained in it to show appellant’s counsel was extended credit by the clerk or that it contradicts the clerk’s certificates in that respect.
For these reasons and with this explanation, a rehearing is denied.